IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD WATKINS,

    Plaintiff,

vs.

ON BOARD HAULING, LLC; and BRITTANY GIBBS, MEMBER

    Defendants.

Case No.: CIV-23-490-R

FILED

JUN 05 2023

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIS. OKLA.
BY_____,DEPUTY

**CIVIL ACTION COMPLAINT**

**JURISDICTION**

1. Plaintiff exercise this Court's diversity jurisdiction pursuant to **28 U.S.C. Section 1332.**

2. Plaintiff is Donald Watkins is a current resident in Oklahoma City, Oklahoma.

3. Defendant On Board Hauling LLC is a company located at 2775 Villa Creek Drive, Suite 240, Farmers Branch, Texas 75234.

3. Defendant Brittany Gibbs is a member and the registered agent for Defendant On Board Hauling LLC and is located at 2775 Villa Creek Drive, Suite 240, Farmers Branch, Texas 75234.

4. Defendant Gibbs initiated contact with Plaintiff and maintained contact with Plaintiff by phone and text messages multiple times per day over a course of days to induce Plaintiff from Oklahoma, as an unemployed truck driver, to come to Dallas, Texas and later learn the Defendants' tractor truck cannot deliver loads across Texas state lines and have Plaintiff stuck in Dallas, Texas working for Defendants to raise resources in order for Plaintiff to return home to Oklahoma City, Oklahoma after generating revenue for Defendants.

5. Defendant Gibbs attempted to exploit Plaintiff's unemployment status as a truck driver initiating contact with Plaintiff while Plaintiff is in the state of Oklahoma and continued contact with Plaintiff until Defendant Gibbs was successful in luring Plaintiff from Oklahoma to Dallas, Texas.

6. Defendant Gibbs established minimum contacts in Oklahoma as a ploy to lure Plaintiff from Oklahoma to Dallas, Texas.

7. Oklahoma residents should be protected from Defendants' scheme of having an unemployed truck driver travel long distance crossing state lines at their expense in hopes of

being financially discouraged from immediately returning home at after learning in Dallas, Texas Defendants' tractor is prohibited from crossing Texas state lines for deliveries.

**JURY DEMAND**

    8. Plaintiff request a trial by jury.

**FACTUAL HISTORY**

    9. On May 26, 2023, Plaintiff posted a CDL truck driver job wanted ad on Craigslist from Oklahoma City, Oklahoma specifically seeking a regional driver position (driving tractor trailers making deliveries in Oklahoma and surrounding states) and not a Texas driver position. **Exhibit-A.**

    10. Defendant Gibbs responded to Plaintiff's job wanted ad with a phone call to Plaintiff on May 30, 2023, while Plaintiff was in Oklahoma City offering Plaintiff an over the road truck driving job failing to disclose Plaintiff would be prohibited from crossing Texas state lines delivering loads in Defendants' tractor..

    11. On May 31, 2023, Plaintiff's application was approved by another tractor trailer company, other than Defendants, with the company scheduling for a paid Department of Transportation (DOT) Physical and a drug screen for Plaintiff at the other company's expense..

    12. On May 31, 2023, Defendant Gibbs texted Plaintiff a question asking, "Do you have any restrictions on driving to certain regions", with Plaintiff responding in a text, "West Coast", Defendant Gibbs in her responding text stated "ok". **Exhibit -B.**

    13. On May 31, 2023, Defendant Gibbs inquired by text to Plaintiff asking "Can you stay out at least 3 weeks at a time" failing to disclose Plaintiff would be prohibited from crossing Texas state lines in Defendants' tractor to make deliveries.

    14. Defendant Gibbs and Plaintiff agreed Plaintiff would come to Dallas, Texas on June 2, 2023 to take a pre employment drug test.

5. On June 1, 2023, Plaintiff paid Eighty Five Dollars ($85) for a DOT Physical conducted by Immediate Care in Edmond, Oklahoma in preparation for the committed truck driving job in Dallas, Texas.

    15. Plaintiff purchased a Greyhound bus ticket traveling from Oklahoma City, Oklahoma to Dallas, Texas on June 2, 2023. **Exhibit-C.**

    16. On June 2, 2023, when Plaintiff was in Oklahoma, Plaintiff texted Defendant Gibbs asking for the written agreement Defendant Gibbs repeatedly told Plaintiff she was going to email Plaintiff after Plaintiff texted Defendant Gibbs his email address in a text on May 31, 2023, Defendant Gibbs never texted or provided Plaintiff with any written agreement or any other

agreement disclosing Defendants' tractor was prohibited from crossing Texas state lines before Plaintiff arrived in Dallas, Texas. **Exhibit-D.**

17. On June 2, 2023, before Plaintiff left for Dallas, Texas Plaintiff called Defendant Gibbs on the phone inquiring if the truck driving position was a 1099 position or a W-2 position, when Defendant Gibbs stated he position was a 1099, Plaintiff stated he was not good in filing 1099 taxes and stated he was not coming to Dallas and Plaintiff and Defendant Gibbs hung up the phone.

18. Defendant Gibbs called Plaintiff back on the phone stating she will changed Plaintiff's driving position to a W-2 position, update the written agreement and requested Plaintiff to text a copy of his social security card, which Plaintiff texted Defendant Gibbs a copy of social security card and later left Oklahoma City, Oklahoma for Dallas, Texas.

19. After arriving to Dallas, Texas and hours passed with Plaintiff waiting for Defendant Gibbs to pickup Plaintiff from Dallas Greyhound bus station, Defendant Gibbs canceled Plaintiff's drug test until Monday, June 5, 2023.

20. Defendant Gibbs waited until hours after Plaintiff begin driving in Dallas, Texas to inform Plaintiff her company tractor cannot deliver loads across Texas state lines in compliance with **Texas Transportation Code Section 502.094.**

21. Plaintiff informed Defendant Gibbs he was expecting to get a load after the one he was under taking him through Oklahoma City where he can get his remaining personal belongings for the tractor because he was not able to pack and carry everything on the Greyhound bus believing he was coming back through to his home city within the first two loads, a known common practice in the truck driving industry with the new hire being able to go through their home town either on their first or second load with the new company to retrieve remaining personal belongings for the tractor.

22. Plaintiff requested a company fuel card from Defendant Gibbs and was told the fuel card was in the mail.

23. On the morning of June 3, 2023, Plaintiff took folded paper taped to the tractor windshield off and noticed a paper license plate indicating the tractor had a temporary Texas registration permit expiring on June 8, 2023, and the temporary registration permit was only valid within the state of Texas. **Exhibit -E.**

24. Plaintiff purchased the next Greyhound ticket traveling from Dallas, Texas to Oklahoma City, Oklahoma on the morning of June 3, 2023. **Exhibit-F.**

25. Defendant Gibbs does not have a terminal or a garage for truck storage or parking, Plaintiff parked Defendant Gibbs tractor in the Love's Truck Stop parking lot in Dallas, Texas.

13. On June 3, 2023, Plaintiff texted Defendant Gibbs he was heading back to Oklahoma City, Oklahoma after learning Defendant Gibbs omitted a material fact the tractor had a temporary registration permit only valid in the state of Texas and the tractor cannot deliver loads across Texas state lines, and Plaintiff would have not have came to Dallas, Texas and taken a load if Defendant Gibbs would have disclosed the tractor had a temporary registration permit only valid in the state of Texas.

26. On Sunday June 4, 2023, Plaintiff texted Defendant Gibbs seeking reimbursement for the expenses incurred for the travel from Oklahoma City, Oklahoma to Dallas, Texas and other expenses incurred under Defendant Gibb's fraudulent misrepresentation by omission of material facts.

27. Defendant Gibbs responded to Plaintiff's text by texting the truck was in DOT compliance to be driven in the state of Texas, falsely stating Plaintiff agreed to deliver loads in the state of Texas for a month and Plaintiff did not use due diligence in detecting the omitted material fact of Defendants' truck having a temporary registration permit valid only in the state of Texas.

28. Defendant Gibb's text response also falsely accused Plaintiff of stealing Fifty Dollars ($50) that was sent by Defendant Gibbs to Plaintiff to purchase ten gallons of Diesel exhaust fluid (DEF) knowing the tractor Def fuel gauge clearly indicated the ten gallon Def fuel tank was on full (**Exhibit-G**), and Plaintiff attempted to scam Defendant Gibbs out of Two Hundred Dollars ($200) in Plaintiff's calculation of filling up the half tank of diesel fuel to travel to Laredo, Texas and back to Dallas, Texas with Fifty Two gallons of fuel at the price of Three Dollars and Eighty Four Cents ($3.84) totaling One Hundred Ninety Nine Dollars and Sixty Eight Cents ($199.68).

29. Defendant Gibbs text response also indicated Plaintiff may have problems for not attending the drug screen in Arlington, Texas that was canceled by Plaintiff, when the drug screen was actually canceled by Defendant Gibbs as the employer in establishing a foundation to sabotage Plaintiff's trucking career with a missed drug test that automatically is reported as a positive drug test in a no show in efforts to create emotional harm knowing Defendant Gibbs as an employer can cancel the drug test with a simple phone call.

30. Plaintiff is a truck driver with over eleven years experience and his practical knowledge and experience as an over the road truck driver informs Plaintiff that voluntarily staying isolated in one state for a month adversely limits his wage earning capabilities in contrast to a truck driver not being limited to one state, there is no possibility Plaintiff would agree to such terms in light of another job offer from a different company without delivery restrictions, especially not Plaintiff's home state.

31. Defendant Gibbs was defiantly malicious and deliberately indifferent toward Plaintiff in nit correcting her fraudulent misconduct of misleading Plaintiff.

**CAUSE OF ACTION - CONSTRUCTIVE FRAUD**

32. Defendants have a federal regulated duty under **49 CFR Section 390.11** to disclose before Plaintiff started driving Defendants tractor that Plaintiff was prohibited from driving the tractor across Texas state lines into Oklahoma, Plaintiff's state of residence.

33. Defendants have a duty to inform Plaintiff of all federal, state and local laws and regulations regarding prohibiting Defendants' tractor from crossing Texas state lines before Plaintiff begin driving Defendants' tractor.

34. Defendant Gibbs misled Plaintiff to believe Defendants' tractor can cross Texas state lines by asking Plaintiff in a text, "Do you have any restrictions on driving to certain regions" with Plaintiff responding "West Coast" and Defendant Gibbs stating "Ok" knowing Defendants' tractor could not legally cross Texas state lines at that time to go to the West Coast.

35. Plaintiff relied on Defendant Gibbs misleading conduct by purchasing a Greyhound ticket from Oklahoma City, Oklahoma to Dallas, Texas.

36. Plaintiff incurred unnecessary expenses as an unemployed truck driver causing financial hardship on Plaintiff.

37. Plaintiff lost wages bypassing another truck driver position with a different trucking company by relying on Defendant Gibbs misleading conduct.

38. Plaintiff would have never went to Dallas, Texas on June 2, 2023, if Defendant Gibbs would have disclosed Defendants' tractor was prohibited from crossing Texas state lines to make deliveries.

**RELIEF**

39. Plaintiff seek actual damages in the amount of Eighty Five Thousand Dollars ($85,000) in lost wages.

40. Plaintiff seeks punitive damages in the amount in excess of Five Hundred Thousand Dollars ($500,000) for the malicious conduct of disregarding Plaintiff's warnings, falsely stating Plaintiff stole Def fuel money from Defendant Gibbs, falsely stating Plaintiff attempted to scam Defendant Gibbs out of diesel fuel money, attempting to cause emotional harm about a career ending avoidable positive drug to an already unemployed truck driver and the deliberate attempt to sabotage Plaintiff's driving career and livelihood.

## CONCLUSION

**WHEREFORE,** Plaintiff pray this Court enter judgment against Defendants in the amount requested and any other relief the Court deems just and proper

s/ Donald Watkins

DONALD WATKINS, PRO SE
1209 W. Hefner Road Apt 410
Oklahoma City, OK 73114
405-836-3026
donaldwatkins1970@gmail.com

June 05, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WATKINS,<br><br>　　　Plaintiff,<br>vs.<br><br>ON BOARD HAULING, LLC; and BRITTANY GIBBS, MEMBER<br><br>　　　Defendants. | Case No.: |

### CERTIFICATE OF SERVICE

　　Plaintiff certifies that the foregoing document was served on Defendants and attornet of record in accordance with Federal Rules of Civil Procedure.

　　　　　　　　　　　　　　　　　　　s/ Donald Watkins
　　　　　　　　　　　　　　　　　　　DONALD WATKINS, PRO SE
　　　　　　　　　　　　　　　　　　　1209 W. Hefner Road Apt 410
　　　　　　　　　　　　　　　　　　　Oklahoma City, OK 73114
　　　　　　　　　　　　　　　　　　　405-836-3026
　　　　　　　　　　　　　　　　　　　donaldwatkins1970@gmail.com

June 05, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD WATKINS,

    Plaintiff,

vs.

ON BOARD HAULING, LLC; and BRITTANY GIBBS, MEMBER

    Defendants.

Case No.:

## VERIFICATION

Plaintiff declare under penalty of perjury pursuant to **28 U.S.C. Section 1746** that all statements and attachments are true and correct based Plaintiffs personal experience and belief.

    s/ Donald Watkins
    DONALD WATKINS, PRO SE
    1209 W. Hefner Road Apt 410
    Oklahoma City, OK 73114
    405-836-3026
    donaldwatkins1970@gmail.com

June 05, 2023