IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 23-490-R |
| | ) |
| ON BOARD HAULING, LLC; and | ) |
| BRITTANY GIBBS, Member, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant On Board Hauling, LLC's Motion to Dismiss [Doc. No. 9]. Plaintiff, appearing pro se,[1] responded in opposition [Doc. No. 11] and Defendant On Board has replied [Doc. No. 14]. The matter is now at issue.

In this diversity action, Plaintiff alleges that he posted an advertisement on the internet seeking a position as a regional truck driver and Defendant Brittany Gibbs,[2] a member of Defendant On Board Hauling, LLC, responded to the advertisement. Ms. Gibbs specifically inquired as to whether Plaintiff had any restrictions on driving to certain regions and whether he could stay out for three weeks at a time. Following these discussions, the parties agreed that Plaintiff would travel from his home in Oklahoma City, Oklahoma to Dallas, Texas to complete a preemployment drug screen. Shortly after

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).
[2] The docket reflects that Ms. Gibbs was served with process on July 20, 2023 [Doc. No. 7] but has not filed a responsive pleading.

arriving in Dallas, Plaintiff began driving a truck for On Board. After taking possession of the truck, Plaintiff removed a piece of paper on the truck's windshield and saw that the truck had a temporary registration that was only valid within Texas. Plaintiff then left the truck at a gas station and promptly returned to Oklahoma City. Essentially, Plaintiff claims that Defendants misrepresented that the truck driving position was limited to Texas which caused him to incur travel expenses and lost wages from another position that he turned down. Plaintiff asserts a claim for constructive fraud and seeks compensatory damages in the amount of $85,000 and punitive damages.

Defendant On Board moves for dismissal of this claim on four separate grounds: lack of subject matter jurisdiction, failure to state a claim, lack of personal jurisdiction, and improper venue. On Board's arguments as to personal jurisdiction and venue are raised in only the most perfunctory manner; there is no citation to case law or analysis of the relevant allegations. Accordingly, these arguments are not sufficiently developed to warrant consideration. *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) (explaining that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (quotation omitted). The remaining arguments, although also somewhat underdeveloped, are addressed in turn.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). On Board's motion is most accurately described as a facial attack on the sufficiency of the

allegations.[3] Accordingly, the allegations in the Amended Complaint are presumed to be true at this stage. *Id.*

On Board argues that subject matter jurisdiction is lacking because the amount of Plaintiff's damages does not exceed the jurisdictional amount required by 28 U.S.C. § 1332. For purposes of determining the amount in controversy, "the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). The burden is on the plaintiff "to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Id.* "A plaintiff's allegations in the complaint alone can be sufficient to make this showing." *Id.* As explained by the Tenth Circuit, dismissal under this standard is the exception rather than the rule:

> The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied.…There is a strong presumption favoring the amount alleged by the plaintiff.…Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction.

*Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216–17 (10th Cir. 2003) (footnote and citations omitted).

---

[3] The Court recognizes that On Board has included an affidavit from Ms. Gibbs disputing some of Plaintiff's allegations. However, the basis of On Board's subject matter jurisdiction challenge is that the Amended Complaint alleges that Plaintiff was only employed for one day, and therefore could not possibly have lost wages in an amount exceeding $75,000. Accordingly, On Board is challenging the sufficiency of the allegations and its motion constitutes a facial attack.

On Board contends that Plaintiff's allegations show that he worked for only one day and therefore could not possibly have incurred lost wages exceeding the $75,000 jurisdictional minimum. This argument rests on an overly narrow reading of Plaintiff's claim. In addition to damages for the expenses incurred while working for On Board, the Amended Complaint also seeks damages for lost wages associated with another employment opportunity that Plaintiff turned down and punitive damages. "Punitive damages may be considered in determining the requisite jurisdictional amount," *id.* at 1218, and, liberally construed, the Amended Complaint includes some factual allegations supporting recovery of punitive damages. *See* Okla. Stat. tit. 23, § 9.1(B) (authorizing punitive damages of up to $100,000 if the defendant acted in reckless disregard for the rights of others). Given these allegations, and the strong presumption favoring the amount claimed by Plaintiff, the Court cannot conclude to the requisite degree of certainty that an amount less than $75,000 is in play. *See Burrell v. Burrell,* 229 F.3d 1162 (10th Cir. 2000) (finding amount in controversy satisfied where the plaintiff "not only pled the elements of fraud and deceit, but he has alleged that appellees' conduct was fraudulent to substantiate his claim of punitive damages."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408, at *5 (W.D. Okla. Nov. 16, 2009) (finding amount in controversy satisfied where pro se plaintiff sought $5,000 plus punitive damages).

On Board next argues that the Amended Complaint fails to state a plausible claim for fraud because it does not adequately allege that Defendants intended to deceive the Plaintiff. This argument misses the mark because Plaintiff has asserted a claim for constructive fraud. Unlike a claim for actual fraud, which requires "an intentional

deception," a claim for constructive fraud "does not require the intent to deceive." *Sutton v. David Stanley Chevrolet, Inc.,* 475 P.3d 847, 852-53 (Okla. 2020). Under Oklahoma law, constructive fraud is defined as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault…by misleading another to his prejudice." Okla. Stat. tit. § 15, 59(1). In the absence of a fiduciary relationship, "a legal or equitable duty to disclose all material facts may arise out of the situation of the parties, the nature of the subject matter of the contract, or the particular circumstances surrounding the transaction." Generally, a duty of full disclosure arises where "a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Liberally construed, Plaintiff has adequately alleged that On Board selectively disclosed certain facts such that Plaintiff was given a false impression about the position's restrictions. Accordingly, the Court concludes that Plaintiff has stated a plausible claim for constructive fraud.

Accordingly, Defendant On Board Hauling LLC's Motion to Dismiss [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 22nd day of September, 2023.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE